# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

| | |
|---|---|
| Shanti Wines, LLC and Rajiv Sharma,<br><br>    Plaintiffs,<br><br><br>   vs.<br><br><br>Shanti Elixirs, L.L.C. and Shanti Volpe,<br><br>   Defendants, | Case No.: 1:22-cv-00262-MR<br><br>**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, REQUEST FOR REFUSAL TO REGISTER, FEDERAL UNFAIR COMPETITION, NC TRADEMARK INFRINGEMENT, NC UNFAIR COMPETITION, DEFAMATION, PUBLIC DISCLOSURE OF PRIVATE FACTS** |

Plaintiff Shanti Wines, LLC ("Shanti Wines") and Rajiv Sharma ("Sharma") (collectively, "Plaintiffs"), by and through their attorneys, Law Office of Patrick Blair, for their Complaint against Defendant Shanti Elixirs, L.L.C. ("Shanti Elixirs"), and Shanti Volpe ("Volpe") (collectively, "Defendants") alleges, on knowledge as to their own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. This is an action for infringement of Plaintiff Shanti Wines' federally-registered trademarks for Shanti under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all arising from the Defendant Shanti Elixirs unauthorized uses of the marks Shanti-Jun, Shanti Elixirs, and **Shanti Elixirs** in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendant's kombucha tea; tea; tea-based beverages; jun; honey; honey infused with green tea; mixes in the nature of concentrates,

syrups or powders to be used in the preparation of tea based beverages; tea extracts; tea for infusions; tea substitutes; tea-based beverages with fruit flavoring; tea-based iced beverages; beverages made of tea; beverages with a tea base; chamomile tea; ginger tea; green tea; herbal tea; mixes for making tea; mixes for making kombucha and honey based green tea.

2. This action also requests refusal to register Defendant Shanti Elixirs' Shanti Junery mark (US Application Serial No. 88685322) for Café; Taproom services featuring non-alcoholic beverages; Taproom services featuring jun; Tea bars; Tea rooms.

3. This is also an action for Federal Unfair Competition, NC Trademark Infringement, NC Unfair Competition, Defamation and Public Disclosure of Private Fact.

4. Plaintiffs seek injunctive and monetary relief.

## JURISDICTION

5. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, and 28 U.S.C. § 1391(b)(3), in that Defendant is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## PARTIES

7. Plaintiff Shanti Wines, LLC is a limited liability company formed under the laws of the state of California and has a business address of 2551 San Ramon Valley Blvd. #107-A, San Ramon, CA 94583.

8. Rajiv Sharma, AKA Ray Sharma, is a resident of San Ramon, County of Contra Costa, California. Plaintiff is the President of Shanti Wines, LLC and is also a real estate agent/broker.

9. Upon information and belief, Defendant Shanti Elixirs, L.L.C. is a limited liability company formed under the laws of the state of North Carolina and has an address of 92 Dorothy Lille Ln, Weaverville, NC, 28787-9772.

10. Upon information and belief, Defendant Shanti Volpe is an individual with an address of 92 Dorothy Lille Ln, Weaverville, NC, 28787-9772.

## FACTS

### A. Plaintiff and its Shanti Marks

11. Plaintiff Shanti Wines is a producer and seller of various types of beverages and food products.

12. Plaintiff Shanti Wines is the owner of multiple valid and subsisting United States Trademark Registrations on the Principal Register in the United States Patent and Trademark Office for the trademark "Shanti".

13. Plaintiff Shanti Wines is the owner of valid and subsisting United States Trademark Registration No. 5116089 on the Principal Register in the United States Patent and Trademark Office for the trademark Shanti for wine. Attached as Exhibit 1 is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 5116089, which was issued by the United States Patent and Trademark Office on January 3, 2017.

14. Plaintiff Shanti Wines is the owner of valid and subsisting United States Trademark Registration No. 5303219 on the Principal Register in the United States Patent and Trademark Office for the trademark Shanti for beer and bottled water. Attached as Exhibit 2 is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 5303219, which was issued by the United States Patent and Trademark Office on October 3, 2017.

15. Plaintiff Shanti Wines is the owner of valid and subsisting United States Trademark Registration No. 5795344 on the Principal Register in the United States Patent and Trademark Office for the trademark Shanti for cooking oil. Attached as Exhibit 3 is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 5795344, which was issued by the United States Patent and Trademark Office on July 2, 2019.

16. Plaintiff Shanti Wines is the owner of valid and subsisting United States Trademark Registration No. 6171197 on the Principal Register in the United States Patent and Trademark Office for the trademark Shanti for liquor. Attached as Exhibit 4 is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 6171197, which was issued by the United States Patent and Trademark Office on October 6, 2020.

17. Plaintiff Shanti Wines has used the Shanti mark in interstate commerce in the United States continuously since September 21, 2016, in connection with the manufacture, distribution, offering for sale, sale, marketing, advertising, and promotion of wine.

18. Plaintiff Shanti Wines has used the Shanti mark in interstate commerce in the United States continuously since July 27, 2017, in connection with the manufacture, distribution, offering for sale, sale, marketing, advertising, and promotion of beer and bottled water.

19. Plaintiff Shanti Wines has used the Shanti mark in interstate commerce in the United States continuously since May 8, 2019, in connection with the manufacture, distribution, offering for sale, sale, marketing, advertising, and promotion of cooking oil.

20. Plaintiff Shanti Wines has used the Shanti mark in interstate commerce in the United States continuously since July 1, 2020, in connection with the manufacture, distribution, offering for sale, sale, marketing, advertising, and promotion of liquor.

21. Registration right for Plaintiff Shanti Wines' Registration no. 5116089 for wine is perfected back to the filing date of the application, April 11, 2016.

22. Registration right for Plaintiff' Shanti Wines' Registration no. 5303219 for beer and bottled water is perfected back to the filing date of the application, October 12, 2016.

23. As a result of its widespread, continuous, and exclusive use of the Shanti registrations to identify its wine, beer, bottled water, cooking oil, and liquor and Plaintiff Shanti Wines as their source, Plaintiff Shanti Wines owns valid and subsisting federal statutory and common law rights to the Shanti marks.

24. Plaintiff Shanti Wine's Shanti marks are distinctive to both the consuming public and Plaintiff Shanti Wine's trade.

25. Plaintiff Shanti Wines has expended substantial time, money, and resources marketing, advertising, and promoting the wine, beer, bottled water, cooking oil, and liquor sold under the Shanti marks.

26. The wine, beer, bottled water, cooking oil, and liquor Plaintiff Shanti Wines offers under the Shanti marks are of high quality.

27. As a result of Plaintiff Shanti Wine's expenditures and efforts, the Shanti marks have come to signify the high quality of the goods designated by the Shanti marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff Shanti Wines.

28. Plaintiff Shanti Wines has scrupulously and successfully enforced and protected its Shanti marks against past infringements.

29. On June 10, 2021, Plaintiff Shanti Wines filed a notice of opposition of Defendant's Shanti Junery trademark application (Application Serial No. 88685322) which was assigned opposition proceeding no. 91269822 by the Trademark Trial and Appeal Board.

30. On October 29, 2021, Plaintiff Shanti Wines filed a petition to cancel Defendant's Shanti-Jun trademark registration (Registration No. 5602065) which was assigned cancellation proceeding no. 92078353 by the Trademark Trial and Appeal Board.

31. On October 29, 2021, Plaintiff Shanti Wines filed a petition to cancel Defendant's Shanti Elixirs trademark registration (Registration No. 6351329) which was assigned cancellation proceeding no. 92078346 by the Trademark Trial and Appeal Board.

32. On October 29, 2021, Plaintiff Shanti Wines filed a petition to cancel Defendant's Shanti Elixirs stylized trademark registration (Registration No. 6351330) which was assigned cancellation proceeding no. 92078354 by the Trademark Trial and Appeal Board.

**B.  Defendant's Unlawful Activities**

33.  Upon information and belief, Defendant Shanti Elixirs is engaged in the production and sales of various types of beverages and beverage mixes.

34. Without Plaintiff Shanti Wines' authorization, and upon information and belief, beginning after Plaintiff Shanti Wines acquired protectable exclusive rights in its Shanti marks, Defendant Shanti Elixirs adopted and began using Shanti Elixirs, Shanti Elixirs in a stylized form, and Shanti-Jun (hereinafter, the "Infringing Marks") in US commerce.

35. The Infringing Marks adopted and used by Defendant Shanti Elixirs are confusingly similar to Plaintiff Shanti Wines' Shanti marks in part because the dominant portion of the Infringing Marks are identical to Plaintiff Shanti Wines' Shanti marks.

36.  Defendant Shanti Elixirs has been engaged in the manufacture, distribution, advertising, promotion, offering for sale, and sale of kombucha tea; tea; tea-based beverages; jun using the word and stylized Shanti Elixirs marks throughout the United States.

37. Upon information and belief, Defendant Shanti Elixirs has been engaged in the manufacture, distribution, advertising, promotion, offering for sale, and sale of honey; Honey infused with green tea; Kombucha tea; Mixes in the nature of concentrates, syrups or powders used in the preparation of tea based beverages; Tea; Tea extracts; Tea for infusions; Tea substitutes; Tea-based beverages; Tea-based beverages with fruit flavoring; Tea-based iced beverages; Beverages made of tea; Beverages with a tea base; Chamomile tea; Ginger tea; Green tea; Herbal tea; Mixes for making tea; Mixes for making kombucha and honey based green tea using Shanti-Jun mark throughout the United States.

38. Upon information and belief, the goods Defendant Shanti Elixirs has manufactured, distributed, provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Marks are highly related to the goods sold by Plaintiff Shanti Wines as the goods are beverages or items related to beverages.

39. Upon information and belief, Defendant Shanti Elixirs has manufactured, distributed, provided, marketed, advertised, promoted, offered for sale, and sold its goods under the Infringing Marks through the same trade channels as Plaintiff Shanti Wines' goods are sold.

40. Upon information and belief, Defendant Shanti Elixirs offers and sells its goods under the Infringing Marks to the same types of consumers as those that purchase Plaintiff Shanti Wines' goods in that the consumers are purchasers of beverages and food items.

41. Defendant Shanti Elixirs' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant Shanti Elixirs' goods and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant Shanti Elixirs' goods originate from, are associated or affiliated with, or otherwise authorized by Plaintiff Shanti Wines.

42. Defendant Shanti Elixirs has been aware of Plaintiff Shanti Wines' marks at least as early as June 10, 2021, when Plaintiff Shanti Wines filed the notice of opposition of Defendant Shanti Elixirs' Shanti Junery mark.

43. Upon information and belief, Defendant Shanti Elixirs has been aware of Plaintiff Shanti Wines' Shanti marks since before Defendant Shanti Elixirs filed its trademark applications.

44. Defendant Shanti Elixirs has continued to use the Infringing Marks even after Defendant Shanti Elixirs was aware of Plaintiff Shanti Wines' Shanti marks.

45. Upon information and belief, Defendant Shanti Elixirs' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff Shanti Wines' Shanti marks, cause confusion and deception

in the marketplace, and divert potential sales of Plaintiff Shanti Wines' goods to Defendant Shanti Elixirs.

46. Defendant Shanti Elixirs' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff Shanti Wines and to its valuable reputation and goodwill with the consuming public for which Plaintiff Shanti Wines has no adequate remedy at law.

47. Defendant Shanti Elixirs filed an intent-to-use application for Shanti Junery (U.S. Application Serial No. 88685322) in connection with café; Taproom services featuring non-alcoholic beverages; Taproom services featuring jun; Tea bars; Tea rooms.

48. Plaintiff Shanti Wines has opposed Defendant Shanti Elixirs' Shanti Junery application as its registration would likely cause confusion with Plaintiff Shanti Wines' Shanti marks due to the similarity of the marks and the goods/services listed in the application and those provided by Plaintiff Shanti Wines.

49. Defendant Shanti Elixirs is the owner of US Registration No. 5602065 for Shanti-Jun for Honey; Honey infused with green tea; Kombucha tea; Mixes in the nature of concentrates, syrups or powders used in the preparation of tea based beverages; Tea; Tea extracts; Tea for infusions; Tea substitutes; Tea-based beverages; Tea-based beverages with fruit flavoring; Tea-based iced beverages; Beverages made of tea; Beverages with a tea base; Chamomile tea; Ginger tea; Green tea; Herbal tea; Mixes for making tea; Mixes for making kombucha and honey based green tea which registered on November 6, 2018.

50. Defendant Shanti Elixirs is the owner of US Registration No. 6351329 for Shanti Elixirs for Kombucha tea; Tea; Tea-based beverages; Jun which registered on May 18, 2021.

51. Defendant Shanti Elixirs is the owner of US Registration No. 6351330 for

**Shanti Elixirs** for Kombucha tea; Tea; Tea-based beverages; Jun which

registereted on May 18, 2021.

52. Upon information and belief, Defendant Volpe is a member of Shanti Elixirs, L.L.C.

53. Upon information and belief, Defendant Volpe made a GoFundMe page, on behalf of Shanti Elixirs, to raise funds for legal proceedings.

54. The GoFundMe page states, "Shanti Elixirs invites you to support us as we navigate the legal terrain of being "phished" by a larger company looking to take over our footprint."  See Exhibit 5.  Similar false statements were also published on Defendants' website: https://shantielixirs.com/donate/.

55. The GoFundMe page states, "Is it fair for a well-funded real estate mogul to bully a small-time entrepreneur whose business has no impact on his winery? We think not."  See Exhibit 5.

56. On the GoFundMe page there are false statements or purported facts about Plaintiff and Ray Sharma, president of Plaintiff.

57. The false statements were published via the GoFundMe page by Volpe on behalf of Shanti Elixirs.

58. The false statements were made negligently, recklessly or intentionally.

59. As a result of the false statements Plaintiffs' reputations were damaged.

60. As a result of Defendants' reference to Plaintiffs, Plaintiff Sharma's clients have mentioned the GoFundMe to Plaintiff Sharma.

61. Defendants publicly disclosed the fact that Plaintiffs and Defendants had discussed specific settlement terms.

62. The GoFundMe page states, "The winery's 'generous' offer is for everything to return to business as usual prior to all this – except that I would have to voluntarily cancel my registrations and abandon my application, stick to only the products we are currently offering, and geographically limit our sales to our current footprint. How do you all feel about that?" See Exhibit 6.

63. Plaintiffs' settlement terms were sent privately to Defendants' counsel.

64. The contents of Plaintiffs' settlement terms were personal and private.

65. Defendants knew or should have known that Plaintiffs' settlement terms were personal and private.

66. Defendants knew or should have known that the disclosure of Plaintiffs' specific settlement terms would be harmful to Plaintiffs.

67. Defendants knew or should have known that the publication of Plaintiffs' specific settlement terms would have no value to anyone other than Defendant.

68. Defendants published Plaintiffs' specific settlement terms with the intent to cause harm to Plaintiff.

69. Defendants' publication of private facts has harmed Plaintiffs.

## COUNT ONE (Federal Trademark Infringement)

## Against Shanti Elixirs [Registration Number 5602065]

70. Plaintiffs repeat and reallege paragraphs 1 through 69 hereof, as if fully set forth herein.

71. Defendant Shanti Elixirs' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant Shanti Elixirs' goods, and is likely to cause consumers to believe, contrary to fact, that Defendant Shanti Elixirs' goods are sold, authorized, endorsed, or sponsored by Plaintiff Shanti Wines, or that Defendant Shanti Elixirs is in some way affiliated with or sponsored by Plaintiff Shanti Wines. Defendant Shanti Elixirs' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

72. Upon information and belief, Defendant Shanti Elixirs has committed the foregoing acts of infringement with full knowledge of Plaintiff Shanti Wines' prior rights in the Shanti marks and with the willful intent to cause confusion and trade on Plaintiff Shanti Wines' goodwill.

73. Defendant Shanti Elixirs' conduct is causing immediate and irreparable harm and injury to Plaintiff Shanti Wines, and to its goodwill and reputation, and will continue to both damage Plaintiff Shanti Wines and confuse the public unless enjoined by this court. Plaintiff Shanti Wines has no adequate remedy at law.

74. Plaintiff Shanti Wines is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant Shanti Elixirs' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO (Federal Trademark Infringement)

## Against Shanti Elixirs [Registration No. 6351329]

75. Plaintiffs repeat and reallege paragraphs 1 through 74 hereof, as if fully set forth herein.

76. Shanti Elixirs' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant Shanti Elixirs' goods, and is likely to cause consumers to believe, contrary to fact, that Defendant Shanti Elixirs' goods are sold, authorized, endorsed, or sponsored by Plaintiff Shanti Wines, or that Defendant Shanti Elixirs is in some way affiliated with or sponsored by Plaintiff Shanti Wines. Defendant Shanti Elixirs' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

77. Upon information and belief, Defendant Shanti Elixirs has committed the foregoing acts of infringement with full knowledge of Plaintiff Shanti Wines' prior rights in the Shanti marks and with the willful intent to cause confusion and trade on Plaintiff Shanti Wines' goodwill.

78. Defendant Shanti Elixirs' conduct is causing immediate and irreparable harm and injury to Plaintiff Shanti Wines, and to its goodwill and reputation, and will continue to both damage Plaintiff Shanti Wines and confuse the public unless enjoined by this court. Plaintiff Shanti Wines has no adequate remedy at law.

79. Plaintiff Shanti Wines is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant Shanti Elixirs' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE (Federal Trademark Infringment)

## Against Shanti Elixirs [Registration No. 6351330]

80. Plaintiffs repeat and reallege paragraphs 1 through 79 hereof, as if fully set forth herein.

81. Shanti Elixirs' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant Shanti Elixirs' goods, and is likely to cause consumers to believe, contrary to fact, that Defendant Shanti Elixirs' goods are sold, authorized, endorsed, or sponsored by Plaintiff Shanti Wines, or that Defendant Shanti Elixirs is in some way affiliated with or sponsored by Plaintiff Shanti Wines. Defendant Shanti Elixirs' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

82. Upon information and belief, Defendant Shanti Elixirs has committed the foregoing acts of infringement with full knowledge of Plaintiff Shanti Wines' prior rights in the Shanti marks and with the willful intent to cause confusion and trade on Plaintiff Shanti Wines' goodwill.

83. Defendant Shanti Elixirs' conduct is causing immediate and irreparable harm and injury to Plaintiff Shanti Wines, and to its goodwill and reputation, and will continue to both damage Plaintiff Shanti Wines and confuse the public unless enjoined by this court. Plaintiff Shanti Wines has no adequate remedy at law.

84. Plaintiff Shanti Wines is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant Shanti Elixirs' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT FOUR (Refusal of Registration of US Application Serial No. 88685322**

**based on likelihood of confusion against Shanti Elixirs)**

85. Plaintiffs repeat and reallege paragraphs 1 through 84 hereof, as if fully set forth herein.

86. The registration of Defendant Shanti Elixirs' Application Serial No. 88685322 would likely deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant Shanti Elixir's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant Shanti Elixirs' goods are sold, authorized, endorsed, or sponsored by Plaintiff Shanti Wines, or that Defendant Shanti Elixirs is in some way affiliated with or sponsored by Plaintiff Shanti Wines.

87. The registration of Defendant Shanti Elixirs' Application Serial No. 88685322 would cause immediate and irreparable harm and injury to Plaintiff Shanti Wines, and to its goodwill and reputation, and would damage Plaintiff Shanti Wines and confuse the public.

**COUNT FIVE (Federal Unfair Competition) Against Shanti Elixirs**

88. Plaintiffs repeat and reallege paragraphs 1 through 87 hereof, as if fully set forth herein.

89. Defendant Shanti Elixirs' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant Shanti Elixirs' goods, and is likely to cause consumers to believe, contrary to fact, that Defendant Shanti Elixirs' goods are sold, authorized, endorsed, or sponsored by Plaintiff Shanti Wines, or that Defendant Shanti Elixirs is in some way affiliated with or sponsored by Plaintiff Shanti Wines.

90. Defendant Shanti Elixir's unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

91. Upon information and belief, Defendant Shanti Elixirs' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant Shanti Elixirs with Plaintiff Shanti Wines.

92. Defendant Shanti Elixirs' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

93. Defendant Shanti Elixirs' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff Shanti Wines, and to its goodwill and reputation, and will continue to both damage Plaintiff Shanti Wines and confuse the public unless enjoined by this court. Plaintiff Shanti Wines has no adequate remedy at law.

94. Plaintiff Shanti Wines is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant Shanti Elixirs' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT SIX (TRADEMARK INFRINGEMENT UNDER NC LAW)

### Against Shanti Elixirs

95. Plaintiffs repeat and reallege paragraphs 1 through 94 hereof, as if fully set forth herein.

96. Defendant Shanti Elixirs' activities as stated herein constitute unfair competition and an infringement of Plaintiff Shanti Wines' common law trademark rights in the name Shanti within the State of North Carolina and in violation of North Carolina law.

97. Upon information and belief, Defendant Shanti Elixirs' infringing activities have caused irreparable injury and other damage to Plaintiff Shanti Wines' business, reputation, and goodwill in its federally registered Shanti Marks. Plaintiff Shanti Wines has no adequate remedy at law.

98. Upon information and belief, unless enjoined by this Court, Defendant Shanti Elixirs' infringing activities will continue to cause irreparable injury and other damage to Plaintiff Shanti Wines' business, reputation, and goodwill in its federally registered Shanti marks.

## COUNT SEVEN (NORTH CAROLINA UNFAIR COMPETITION, U.D.T.P.A.)

### Against Shanti Elixirs

99. Plaintiffs repeat and reallege paragraphs 1 through 98 hereof, as if fully set forth herein.

100. Defendant Shanti Elixirs' activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of N.C.G.S.A. § 75-1.1.

101. Upon information and belief, Defendant Shanti Elixirs' infringing activities have caused irreparable injury and other damage to Plaintiff Shanti Wines' business, reputation, and goodwill in its federally registered Shanti marks. Plaintiff Shanti Wines has no adequate remedy at law.

102. Upon information and belief, unless enjoined by this Court, Defendant Shanti Elixirs' infringing activities will continue to cause irreparable injury and other damage to Plaintiff Shanti Wines' business, reputation, and goodwill in its federally registered Shanti marks.

103. Plaintiff Shanti Wines is entitled to, among other relief, injunctive relief and an award of actual damages, treble damages, attorneys' fees, and costs under N.C.G.S.A. §§ 75-16 and 75-16.1.

## COUNT EIGHT (DEFAMATION against Shanti Elixirs) - LIBEL

104. Plaintiffs repeat and reallege paragraphs 1 through 103 hereof, as if fully set forth herein.

105. A representative of Defendant Shanti Elixirs made false statements or purported facts about Plaintiffs.

106. The false statements made by a representative of Defendant Shanti Elixirs were published to a third party via a GoFundMe page and its website at https://shantielixirs.com/donate/.

107. The representative of Defendant Shanti Elixirs made the false statements intentionally, maliciously and recklessly, or at the very least negligently.

108. As a result of the representative's false statements Plaintiffs' reputations were damaged. Plaintiffs were wrongfully impeached in their trade and profession and otherwise subject to ridicule, contempt, or disgrace.

## COUNT NINE (DEFAMANTION against Volpe) - LIBEL

109. Plaintiffs repeat and reallege paragraphs 1 through 108 hereof, as if fully set forth herein.

110. Defendant Volpe made false statements or purported facts about Plaintiffs.

111. The false statements made by Defendant Volpe were published to a third party via a GoFundMe page and her website at https://shantielixirs.com/donate/.

112. Defendant Volpe made the false statements intentionally, maliciously and recklessly, or at the very least negligently.

113. As a result of Defendant Volpe's false statements Plaintiffs' reputations were damaged. Plaintiffs were wrongfully impeached in their trade and profession and otherwise subject to ridicule, contempt, or disgrace.

## COUNT TEN (Public Disclosure of Private Facts against Shanti Elixirs)

114. Plaintiffs repeat and reallege paragraphs 1 through 113 hereof, as if fully set forth herein.

115. Defendant Shanti Elixirs publicly disclosed the fact that Plaintiff Shanti Wines and Defendant had discussed specific settlement terms.

116. Plaintiff Shanti Wines' settlement terms were sent privately to Defendant Shanti Elixir's counsel.

117. The contents of Plaintiff Shanti Wines' settlement terms were personal and private.

118. Defendant Shanti Elixirs knew or should have known that Plaintiff Shanti Wines' settlement terms were personal and private.

119. Defendant Shanti Elixirs knew or should have known that the disclosure of Plaintiff Shanti Wines' specific settlement terms would be harmful to Plaintiffs.

120. Defendant Shanti Elixirs knew or should have known that the publication of Plaintiff Shanti Wines' specific settlement terms were not of legitimate public concern.

121. Defendant Shanti Elixirs published Plaintiff Shanti Wines' specific settlement terms with the intent to cause harm to Plaintiffs.

Complaint - 19

122. Defendant Shanti Elixirs' publication of private facts has harmed Plaintiffs.

**COUNT ELEVEN (Public Disclosure of Private Facts against Volpe)**

123. Plaintiffs repeat and reallege paragraphs 1 through 122 hereof, as if fully set forth herein.

124. Defendant Volpe publicly disclosed the fact that Plaintiff Shanti Wines and Defendant had discussed specific settlement terms.

125. Plaintiff Shanti Wines' settlement terms were sent privately to Defendant Volpe's counsel.

126. The contents of Plaintiff Shanti Wines' settlement terms were personal and private.

127. Defendant Volpe knew or should have known that Plaintiff Shanti Wines' settlement terms were personal and private.

128. Defendant Volpe knew or should have known that the disclosure of Plaintiff Shanti Wines' specific settlement terms would be harmful to Plaintiffs.

129. Defendant Volpe knew or should have known that the publication of Plaintiff Shanti Wines' specific settlement terms were not of legitimate public concern.

130. Defendant Volpe published Plaintiff Shanti Wines' specific settlement terms with the intent to cause harm to Plaintiffs.

131. Defendant Volpe's publication of private facts have harmed Plaintiffs.

**WHEREFORE, Plaintiffs request judgment against Defendants as follows:**

1. That Defendant Shanti Elixirs has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. That Defendant Shanti Elixirs has infringed upon Plaintiff Shanti Wines' common law trademark rights in Plaintiff Shanti Wines' Shanti Marks and that Defendant has violated N.C.G.S.A. § 75-1.1

3. That Defendants have defamed Plaintiffs and publicly disclosed private facts.

4. Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a. manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise or promote any goods or services bearing the mark Shanti or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff Shanti Wines' Shanti Marks;

b. engaging in any activity that infringes Plaintiff Shanti Wines' rights in its Shanti marks;

c. engaging in any activity constituting unfair competition with Plaintiff Shanti Wines;

d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff Shanti Wines or (ii) Plaintiff Shanti Wines' goods are

in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

e.    using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff Shanti Wines or tend to do so;

f.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark Shanti or any other mark that infringes or is likely to be confused with Plaintiff Shanti Wines' Shanti Marks, or any goods or services of Plaintiff Shanti Wines, or Plaintiff Shanti Wines as their source; and

g.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

5.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant Shanti Elixirs are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff Shanti Wines or constitute or are connected with Plaintiff Shanti Wines' goods/services.

6.    Directing Defendant Shanti Elixirs to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and

Complaint - 22

all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Infringing Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff Shanti Wines' Shanti Marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff Shanti Wines' Shanti Marks, and to immediately remove them from public access and view.

7. Directing that Defendant Shanti Elixirs recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the Infringing Marks or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff Shanti Wines' Shanti Marks.

8. Directing Defendant Shanti Elixirs to formally abandon with prejudice any and all of its applications to register the mark Shanti Junery (U.S. Application Serial No. 88685322) and any mark consisting of, incorporating, or containing Plaintiff Shanti Wines' Shanti marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

9. Directing Defendant Shanti Elixirs to cancel with prejudice any and all of its registrations for the Infringing Marks (US Registration Nos. 6351330) and any mark consisting of, incorporating, or containing Plaintiff Shanti Wines' Shanti marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

10. Directing Defendant Shanti Elixirs to cancel with prejudice any and all of its registrations for the Infringing Marks (US Registration No. 6351329) and any mark consisting of, incorporating, or containing Plaintiff Shanti Wines' Shanti marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

11. Directing Defendant Shanti Elixirs to cancel with prejudice any and all of its registrations for the Infringing Marks (US Registration No. 5602065) and any mark consisting of, incorporating, or containing Plaintiff Shanti Wines' Shanti marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

12. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff Shanti Wines' counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

13. Awarding Plaintiffs an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

14. Directing that Defendant account to and pay over to Plaintiffs all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiffs for the damages caused thereby.

15. Awarding Plaintiffs punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

16. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiffs their costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

17. Awarding Plaintiff Shanti Wines injunctive relief, actual damages, treble damages, attorneys' fees, and costs under N.C.G.S.A. §§ 75-16 and 75-16.1 (NC U.D.T.P.A.).

18. Awarding Plaintiffs Per Se damages, Per Quod damages, punitive damages, and other appropriate damages against both Defendants for defamation (libel).

19. Awarding Plaintiffs compensatory damages, punitive damages, and other appropriate damages against both Defendants for public disclosure of private facts.

20. Awarding Plaintiffs interest, including prejudgment and post-judgment interest, on the foregoing sums.

21. Awarding such other and further relief as the Court deems just and proper.

///

///

///

DATED: December 14, 2022

By: s/ Patrick Blair
Patrick Blair, Esq. (Bar No. 48196)
Attorney for Plaintiffs
Law Office of Patrick Blair
5401 Red Fox Dr.
Oak Ridge, NC 27310
Telephone: (310) 422-0543
E-mail: patblair@hotmail.com

Exhibit 1



# Shanti

**Reg. No. 5,116,089**

**Registered Jan. 03, 2017**

**Int. Cl.: 33**

**Trademark**

**Principal Register**

Shanti Wines, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
2551 San Ramon Valley Blvd., Ste. 107-A
San Ramon, CA 94583

CLASS 33: Wine

FIRST USE 9-21-2016; IN COMMERCE 9-21-2016

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY
PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 86-971,236, FILED 04-11-2016
ANDREA P BUTLER, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

Exhibit 2



# Shanti

**Reg. No. 5,303,219**

**Registered Oct. 03, 2017**

**Int. Cl.: 32**

**Trademark**

**Principal Register**

Shanti Wines, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
2551 San Ramon Valley Blvd., Ste. 107-a
San Ramon, CALIFORNIA 94583

CLASS 32: Beer; Bottled water

FIRST USE 7-27-2017; IN COMMERCE 7-27-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

The English translation of "SHANTI" in the mark is "Peace".

SER. NO. 87-201,392, FILED 10-12-2016



Joseph Matal

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

Exhibit 3



# Shanti

**Reg. No. 5,795,344**

**Registered Jul. 02, 2019**

**Int. Cl.: 29**

**Trademark**

**Principal Register**

Shanti Wines, LLC  (CALIFORNIA LIMITED LIABILITY COMPANY)
2551 San Ramon Valley Blvd, Ste. 107-a
San Ramon, CALIFORNIA 94583

CLASS 29: Cooking oil

FIRST USE 5-8-2019; IN COMMERCE 5-8-2019

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY
PARTICULAR FONT STYLE, SIZE OR COLOR

The English translation of "SHANTI" in the mark is "PEACE".

SER. NO. 87-787,037, FILED 02-06-2018



Director of the United States
Patent and Trademark Office

Exhibit 4



# Shanti

| | |
|---|---|
| **Reg. No. 6,171,197** | Shanti Wines, LLC  (CALIFORNIA LIMITED LIABILITY COMPANY)<br>Ste. 107-a |
| **Registered Oct. 06, 2020** | 2551 San Ramon Valley Blvd.<br>San Ramon, CALIFORNIA 94583 |
| **Int. Cl.: 33** | CLASS 33: Liquor |
| **Trademark** | FIRST USE 7-1-2020; IN COMMERCE 7-1-2020 |
| **Principal Register** | THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY<br>PARTICULAR FONT STYLE, SIZE OR COLOR |
| | OWNER OF U.S. REG. NO. 5116089, 5795344, 5303219 |
| | The English translation of "SHANTI" in the mark is "PEACE". |
| | SER. NO. 88-707,891, FILED 11-26-2019 |

Director of the United States
Patent and Trademark Office

Exhibit 5

Defamation





Exhibit 6

Public Disclosure of Private Facts

