IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00262-MR

| | |
|---|---|
| SHANTI WINES, LLC, and<br>RAJIV SHARMA,<br><br>             Plaintiffs,<br><br>vs.<br><br>SHANTI ELIXIRS, LLC, and<br>SHANTI VOLPE,<br>             Defendants | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion to Strike Affirmative Defenses. [Doc. 13].

**I.    BACKGROUND**

On December 14, 2022, the Plaintiffs Shanti Wines, LLC, and Rajiv Sharma filed this action against the Defendants Shanti Elixirs, LLC, and Shanti Volpe. [Doc. 1]. On April 3, 2023, the Defendants filed an Answer, which included twenty-three (23) separate affirmative defenses. [Doc. 9].

The Plaintiffs now move to strike all twenty-three of the Defendants' affirmative defenses as insufficiently pled. [Doc. 13]. The Defendants have filed a Response opposing the Plaintiffs' Motion [Doc. 15], and the Plaintiffs have filed a Reply [Doc. 16]. This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading any insufficient defense." Fed. R. Civ. P. 12(f); see also Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) ("[A] defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.") (citation omitted)). "The purpose of a Rule 12(f) motion to strike is to avoid the waste of time and money that arises from litigating unnecessary issues." Simaan, Inc. v. BP Prods. N. Am., Inc., 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005) (citing Buser v. Southern Food Serv., Inc., 73 F. Supp. 2d 556, 559 (M.D.N.C. 1999)). "Although courts have broad discretion in disposing of motions to strike, such motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Chapman v. Duke Energy Carolinas, LLC, No. 3:09-cv-37-RJC, 2009 WL 1652463, at *1 (W.D.N.C. June 11, 2009) (quoting Waste Mgmt., 252 F.3d at 347 (internal quotation marks omitted)). "[C]ourts generally refrain from striking affirmative defenses absent a showing that not doing so would unfairly prejudice the movant." Lockheed Martin Corp. v. United States, 973 F. Supp. 2d 591, 592 (D. Md. 2013); Clark v. Milam, 152 F.R.D. 66, 70 (S.D.

W. Va. 1993) ("Even where technically appropriate and well-founded, motions to strike defenses as insufficient are often denied in absence of a showing of prejudice to the moving party.") (citation and internal quotation marks omitted).

**III. DISCUSSION**

The Plaintiffs move to strike all the Defendants' defenses as insufficiently pled and some as "improper." [Doc. 13]. The Plaintiffs assert that all defenses fail to satisfy the pleading standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), which require sufficient factual allegations to suggest the required elements of a cause of action. Neither the Supreme Court nor the Fourth Circuit has decided whether Twombly or Iqbal applies to affirmative defenses. Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc., 888 F.3d 696, 700 n.5 (4th Cir. 2018) (noting that the question "continues to divide courts," but ultimately declining to resolve it). The federal district courts that have considered this question have reached differing conclusions. See Lopez v. Asmar's Mediterranean Food, Inc., No. 1:10-cv-01218, 2011 WL 98573, at *1 n.3, n.4 (E.D. Va. Jan. 10, 2011) (collecting cases). This Court, however, has consistently held that Twombly and Iqbal's heightened pleading standards do not apply to affirmative defenses. Sedgewick Homes,

3

LLC v. Stillwater Homes, Inc., No. 5:16-cv-0049-RLV-DCK, 2016 WL 4499313, at *2 (W.D.N.C. Aug. 25, 2016) (Voorhees, J.); Narbona v. Micron Precision LLC, No. 3:14-cv-00060-MOC, 2014 WL 1875038, at *1 (W.D.N.C. May 9, 2014) (Cogburn, J.); Viper Publ'g, LLC v. Bailey, No. 3:17-cv-00314-GCM, 2018 WL 3114536, at *5 (W.D.N.C. June 25, 2018) (Mullen, J.); Arora v. Daniels, No. 3:17-cv-00134-GCM, 2018 WL 1597705, at *14 (W.D.N.C. Apr. 2, 2018) (Mullen, J.).

Because the heightened pleading standards do not apply to affirmative defenses, the Court concludes that all the Defendants' defenses are sufficient at this stage to survive Plaintiffs' motion to strike.

As to the Plaintiffs' claims that some of the defenses pled, namely those regarding trade dress, are improper, the Court finds this argument without merit. The Plaintiffs assert that these defenses should be stricken because their complaint "did not plead infringement of trade dress," however, they request an injunction in part with regard to use of trade dress. [Doc. 1 at 22]. Therefore, the Defendants' defenses as to trade dress are not improper.

Reading the affirmative defenses as a whole, the Court cannot say that the Plaintiffs are unduly prejudiced by the manner in which the Defendants have pled these affirmative defenses. The Plaintiffs' motion to strike is denied.

4

Case 1:22-cv-00262-MR   Document 22   Filed 08/30/23   Page 4 of 5

# **ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to Strike Affirmative Defenses [Doc. 13] is **DENIED.**

**IT IS SO ORDERED.**

Signed: August 29, 2023

Martin Reidinger
Chief United States District Judge